**Winfred WHITE, Plaintiff–Appellant,**

v.

**Sheila ROBERTSON–DEMING; Norris J. Thomas, Jr., in their individual and official capacities, Defendants–Appellees.**

No. 00–2201.

United States Court of Appeals, Sixth Circuit.

May 16, 2001.

Before JONES, SILER, and GILMAN, Circuit Judges.

This is an appeal from a judgment sua sponte dismissing a pro se prisoner's civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 23, 2000, Michigan inmate Winfred White filed a civil rights complaint seeking only monetary damages against two public defenders in their individual and official capacities. The district court sua sponte concluded that the complaint should be dismissed on the authority of 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a federal claim for relief. The court reaffirmed this conclusion after White's motion for a new trial and this appeal followed.

The district court granted White's motion to proceed in forma pauperis and then dismissed his complaint for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. This court reviews de novo a judgment dismissing a complaint under either statutory provision. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

Michigan inmate White filed his complaint against two Michigan state public defenders, Sheila Robertson–Deming and Norris J. Thomas, Jr., in which he alleged that they failed to act in a "competent manner" by filing a "motion in order to appeal" White's criminal conviction. White requested a total monetary award of $850,000 for the "pain and suffering" occasioned by the defendants' violation of White's "constitutional rights and ineffective assistance of counsel."

The district court granted White's request for pauper status and promptly conducted a review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The court concluded that White could not maintain a civil rights claim against either public defender defendant as they had not acted under color of state law. The court declined to accept subject matter jurisdiction over White's complaint to the extent it could be construed as a Michigan state law malpractice claim, and ordered the complaint to be dismissed. White timely filed a Fed.R.Civ.P. 59(e) post-trial motion in which he repackaged the essential elements of his complaint, the district court denied the motion, and White filed the appeal at bar. On appeal, White takes issue with the judgment in its entirety.

The district court did not err in concluding that White's complaint failed to state a claim for relief. To prove a civil rights claim under 42 U.S.C. § 1983, a plaintiff must establish that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321,

102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A § 1983 civil rights claim that would call into question the fact or validity of White's confinement was not cognizable in the absence of a showing that White's conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Finally, the district court properly declined to assume subject matter jurisdiction over that portion of White's complaint that could be construed as a state law claim for legal malpractice after concluding that there was no federal claim for relief. *See, e.g., Musson Theatrical, Inc. v. Federal Express Corp. .*, 89 F.3d 1244, 1254–55 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.